UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN D. OSGOOD,

    Petitioner,

vs.                                    Case No. 3:13-cv-794-J-39JBT

SECRETARY, DOC, et al.,

    Respondents.

_____

**ORDER**

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on July 1, 2013.[1]  He challenges his 2006 Duval County conviction for sexual battery.

There is a one-year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

---

[1] The Petition was filed with the Clerk on July 5, 2013; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (July 1, 2013).  See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.  The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

>>to the judgment of a State court. The limitation period shall run from the latest of--
>>
>>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>>
>>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>>
>>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>>
>>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>>
>>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has failed to comply with the limitations period. <u>See</u> Respondents' Motion to Dismiss as Untimely and, Alternatively, Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Response) (Doc. 14).

They have submitted exhibits in support of their contentions. (Doc. 14).[2] Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. 10). Petitioner filed a Reply Brief (Reply) (Doc. 22).

The Court will provide a brief procedural history with respect to the claim of untimeliness. Petitioner was charged by amended information with three counts of sexual battery. Ex. C at 28-29. A jury returned a verdict of not guilty as to counts one and two and guilty as to count three. Id. at 86-88. On May 17, 2006, the court adjudicated Petitioner guilty as to count three, entered judgment, and sentenced Petitioner to eighteen years in prison to be followed by six years of sex offender probation. Id. at 103-106.

Petitioner appealed, and on July 23, 2007, the First District Court of Appeal affirmed per curiam. Ex. I. Petitioner moved for rehearing. Ex. J; Ex. K. On September 6, 2007, the First District Court of Appeal denied rehearing. Ex. L. The mandate issued on September 24, 2007. Ex. M.

---

[2] The Court refers to the Respondents' exhibits as (Ex.). Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the Court will reference the page number on the particular document. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

The conviction became final on December 5, 2007 (90 days after September 6, 2007) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

The statute of limitations period began to run on December 6, 2007, and ran for 61 days, until Petitioner filed a pro se Rule 3.850 post conviction motion in the circuit court on February 6, 2008.  Ex. U at 1-21.  The circuit court denied the Rule 3.850 motion in an order filed on April 11, 2011.[3]  Id. at 73-76.  No appeal was taken.  Thus, the one-year limitations period was tolled until Wednesday, May 11, 2011.  The limitations period began to run again on May 12, 2011.  At this point, there were 305 days remaining in the one-year limitations period.[4]

The limitations period ran for 209 days until Petitioner filed a Petition for Belated Appeal on December 8, 2011.  Ex. O.  On March 28, 2012, the First District Court of Appeal granted the

---

[3] The order shows that copies of the order were sent to the Office of the State Attorney and Attorney Robert Davis, but not Petitioner.  Ex. U at 76.

[4] Because Petitioner's limitations period included a year with a leap-day (2008), the Court gives Petitioner the benefit of the extra day.  See Response at 5.

4

petition for belated appeal.[5]  Ex. R.  The First District Court, on January 28, 2013, affirmed per curiam the decision of the circuit court in denying the Rule 3.850 motion.  Ex. X.  The mandate issued on February 25, 2013.  Ex. Y.  Thus, at this point there were ninety-six days remaining in the limitations period.  The ninety-sixth day fell on a Sunday, June 2, 2013.  Therefore, in order to be considered to be timely filed, Petitioner had to file his federal petition by Monday, June 3, 2013.  Alas, Petitioner filed his federal Petition on July 1, 2013.

---

[5] Since the state appellate court granted Petitioner's petition for belated appeal, it considered the merits of the underlying claims, triggering "a reexamination of his conviction or sentence[.]" Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1142 (11th Cir. Oct. 23, 2015).  As a result, the petition for belated appeal tolled the federal limitations period.  Although the period was not tolled after the appeal period expired and, as a result, 209 days ran on the one-year period, the subsequent properly filed motion for belated appeal provided additional tolling "beginning at the time of the proper filing of that motion," as long as it was filed before the limitations period expired.  Peterson v. Jones, No. 3:14-cv104/RV-CJK, 2015 WL 2061677, at *6 (N.D. Fla. Mar. 11, 2015).  See Espinosa v. Sec'y, Dep't of Corr., 804 F.3d at 1142 (discussing the Fifth Circuit's decision in Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001), and recognizing that an application is no longer considered to be pending when an appeal period lapses, but a subsequent properly filed application is considered to provide additional tolling beginning on the date of the proper filing).  In this instance, the petition for belated appeal was filed before the limitations period expired, the state appellate court granted the motion, and the reexamination of the merits commenced.  See Patrick v. McDonough, No. 4:06cv543-SPM/WCS, 2007 WL 3231740, at *9 (N.D. Fla. Oct. 29, 2007) (recognizing that if a motion for a belated appeal is filed when a petitioner still has time left on his one-year clock, it is a properly filed application pursuant to 28 U.S.C. 2244(d)(2) and tolls the limitations period while it is pending).

5

Therefore, the Petition, filed on Monday, July 1, 2013, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations period. Of import, Petitioner is "not entitled to statutory tolling for the [209]-day period between the date the state trial court's denial of his 3.850 motion became final and the date he filed his petition for a belated appeal of that 3.850 denial." McMillian v. Sec'y for the Dep't of Corr., 257 F. App'x 249, 253 (11th Cir. 2007) (per curiam). The Eleventh Circuit has rejected the notion that a post conviction motion is pending after the expiration of the time to file an appeal "merely because a state provides a procedure for seeking an out-of-time appeal in special circumstances or because a state court ultimately grants a petition for an out-of-time appeal." Id. Ultimately, the motion for an out-of-time appeal was granted; however, the granting of an out-of-time appeal "does not revive the time during which no state collateral petition was pending before the state court." Moore v. Crosby, 321 F.3d 1377, 1380 (11th Cir. 2003).

In review, Petitioner filed a Petition for Belated Appeal, requesting the First District Court of Appeal grant a belated appeal from the denial of the Rule 3.850 motion. Ex. O. The state filed a Response to Order to Show Cause Why Belated Appeal Should Not be Granted acknowledging Petitioner claimed he did not receive a copy of the order denying his Rule 3.850 motion, but contending

6

Petitioner was entitled to a belated appeal solely for the reason that the court's order denying the motion did not include the required language concerning the right to appeal within thirty days. Ex. Q. Notably, the circuit court's order denying post conviction relief references copies being sent to the State Attorney and Robert Davis, Esquire, Petitioner's appointed post conviction counsel. Ex. U at 76.

In response to Respondents' assertion of Petitioner's untimeliness, Petitioner, in his Reply at 7, apparently attempts to rely on Martinez v. Ryan, 132 S.Ct. 1309 (2012), while claiming his untimely filing is excused because of the state court clerk's failure to provide him with a copy of the order denying post conviction relief.

It was recently noted,

> The Eleventh Circuit has expressly rejected petitioner's argument that Martinez applies to overcome the statute of limitations bar. Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (holding that "the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Sledge v. Jones, No. 3:14-cv92/MCR/CJK, 2015 WL 521057, at *4 (N.D. Fla. Feb. 9, 2015), appeal filed, Sledge v. Sec'y, Fla. Dep't, (11th Cir. Mar. 12, 2015). As a result, the holding in Martinez is inapplicable to this case and does not excuse Petitioner's untimely filing of his Petition. As succinctly explained in Arthur v.

Thomas, 739 F.3d 611, 630 (11th Cir.), cert. denied, 135 S.Ct. 106 (2014):

> As our discussion shows, the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period. The § 2254 ineffective-trial-counsel claims in Martinez and Trevino were not barred by AEDPA's one-year limitations period. Instead, those § 2254 claims were dismissed under the doctrine of procedural default because the petitioners never timely or properly raised them in the state courts under the states' procedural rules. At no point in Martinez or Trevino did the Supreme Court mention the "statute of limitations," AEDPA's limitations period, or tolling in any way.

Petitioner urges this Court to find that his untimely filing of his federal Petition "can be contributed to circumstances beyond Petitioner's control." Reply at 7. Specifically, he blames his untimely filing on "Clerk error." Id. He asserts that he is entitled to equitable tolling of 354 days that elapsed between the denial of his post conviction motion and the granting of his belated appeal. Id.

The Eleventh Circuit has concluded that: "[t]he limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 474 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)). In the two-pronged test for equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that

8

some extraordinary circumstances stood in his way and prevented timely filing."  Holland, 560 U.S. at 649 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Petitioner bears the burden to show extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle is not easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).  In this case, Petitioner has not met the burden of showing that equitable tolling is warranted.

With regard to Petitioner's contention that he is entitled to equitable tolling of 354 days that elapsed between the denial of his post conviction motion and the granting of his belated appeal, the Court looks at the period between April 11, 2011, the date of the denial of the Rule 3.850 motion, and March 28, 2012, the date the First District Court of Appeal granted the request for a belated appeal.  This spans a period of 351 days, not 354 days. Thirty days of this period are considered to be tolled, allowing

9

for an appeal of the denial of the Rule 3.850 motion. As such, the one-year limitations period was tolled until Wednesday May 11, 2011. That leaves the period from May 12, 2011 until Petitioner filed his Petition for Belated Appeal on December 8, 2011, a period of 209 days, at issue.[6]

Upon review, the circuit court appointed counsel for Petitioner for his Rule 3.850 proceeding. Therefore, Petitioner was not proceeding pro se at the time of his post conviction evidentiary hearing and at the conclusion of his post conviction case. Also of significance, the state court clerk provided Petitioner's appointed counsel with a copy of the denial of the Rule 3.850 motion. Ex. U at 76. To the extent Petitioner may be attempting to rely on a claim that his untimely filing is excused because of counsel's failure to take some action during the state post conviction proceedings, the holding in Martinez is inapplicable to this case and does not excuse Petitioner's untimely filing.

The remaining question is whether Petitioner exercised due diligence in attempting to ascertain the status of his Rule 3.850 motion. On August 13, 2010, at the conclusion of the evidentiary hearing on the Rule 3.850 motion, the trial court announced:

---

[6] The petition for belated appeal provided additional tolling beginning at the time of filing of the petition, December 8, 2011, through the reexamination of the merits, which ended on February 25, 2013, when the mandate issued from the First District Court of Appeal.

10

> I will get out and [sic] order hopefully -- I'm going to go ahead an[d] order a transcript of today's proceedings so I can supplement the record, and I'll get out an order forthwith. Usually the transcript takes about two weeks, so it might, in all likelihood, realistically be about a month to get that done, but we'll go from there. And I appreciate all of you-all's time.

Ex. U at 135. Thus, Petitioner was fully advised that a relatively prompt ruling would be forthcoming after the creation of the transcript and the court obtaining the transcript. The circuit court entered its order April 8, 2011, with a filing date of April 11, 2011. Ex. U at 73-76.

Of import, Petitioner, knowing that the court announced it would rule, failed to make any inquiries to his appointed post conviction counsel or to the clerk of the court to ascertain the status of his motion.[7] This does not constitute an exercise of reasonable diligence. Indeed, Petitioner waited until July 11, 2011 to file a petition for writ of mandamus in the First District Court of Appeal.[8] See Appendix D attached to the Petition (Doc. 1-1 at 20-24); Osgood v. Florida, Case No. 1D11-3633 (First District

---

[7] It is Petitioner's burden to show that he has been pursuing his rights diligently, and Petitioner has not provided any evidence that he contacted either his post conviction counsel or the clerk of the state circuit court to ascertain the status of his post conviction motion during the period at issue.

[8] A petition for writ of mandamus is not considered to be a properly filed application for state post-conviction or other collateral review pursuant to 28 U.S.C. § 2244(d) and does not toll the limitations period.

11

Court of Appeal Case Docket). Petitioner states he received a copy of the circuit court's order from the Attorney General's Office on August 16, 2011. Ex. O at 2. Although this is some evidence of Petitioner's attempt to find out whether there had been a ruling on his post conviction motion, once he received a copy of the circuit court's order denying his Rule 3.850 motion, he failed to diligently and promptly seek a belated appeal. He waited several months, until December 8, 2011, to petition for a belated appeal.[9]

In sum, the Court is not persuaded that Petitioner "diligently attempted to ascertain the status of that order[.]" Drew v. Dep't of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002) (citing Knight v. Schofield, 292 F.3d 709 (11th Cir. 2012)), cert. denied, 537 U.S. 1237 (2003). Indeed, the Court is of the opinion that Petitioner has not shown that he is entitled to extraordinary relief. Equitable tolling is a remedy that should be used sparingly, and under these circumstances, the Court finds that Petitioner has failed to show that he exercised due diligence in attempting to ascertain the status of his Rule 3.850 motion.

Based on the record, Petitioner has not presented any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition.

---

[9] Of further significance, after the February 25, 2013 mandate affirming the denial of his Rule 3.580 motion, Petitioner waited 126 days, until July 1, 2013, to file his federal Petition.

12

Petitioner fails to demonstrate he is entitled to equitable tolling or that he has new evidence establishing actual innocence. Therefore, this Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition and the case are **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[10] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

---

[10] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

13

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of January, 2016.

_____
BRIAN J. DAVIS
United States District Judge

sa 1/7
c:
Kevin D. Osgood
Counsel of Record